IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLYDELL MORGAN, <br> TDCJ-CID #552522, <br><br> Petitioner, <br><br> v. <br><br> DOUGLAS DRETKE, <br><br> Respondent. | § § § § § § § § § § | CIVIL ACTION NO. H-05-3216 |

## MEMORANDUM OPINION AND ORDER

Petitioner Clydell Morgan, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), files this petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that TDCJ is not executing properly his sentence. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be **DISMISSED** for the reasons set forth below.

Petitioner claims that in January of 1990, he pleaded guilty to a state felony assault charge, and was sentenced to fifteen years in TDCJ. His factual statement is difficult to follow, but apparently petitioner was released to parole in 1991, violated parole in 1993, and was returned to prison. He complains that pursuant to section 508.283(c) of the Texas Government Code, the "street time" he accumulated prior to his parole revocation was disregarded in computing his remaining sentence. Petitioner argues that (1) section

508.283(c) is unconstitutional, (2) he has been improperly denied almost two years of "street time" credit, and (3) application of section 508.283(c) has rendered his 1990 guilty plea involuntary.

Petitioner does not state whether he challenges the statute as unconstitutional on its face or as applied. With a facial challenge, the proper inquiry is whether the mere enactment of the statute effects a constitutional deprivation. *See Brockett v. Spokane Arcades, Inc.* 742 U.S. 491, 501-02 (1985). In an "as applied" challenge, the petitioner must demonstrate that the statute is unconstitutional as applied to him. *See Seling v. Young*, 531 U.S. 250 (2001).

Prior to September 1, 2001, section 508.283(c) of the Texas Government Code allowed the Board of Pardons and Paroles to disregard the street time a paroled prisoner accumulated prior to parole revocation. The Fifth Circuit Court of Appeals recognizes that a petitioner has no liberty interest in retention of street time upon revocation of release status. *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001).[1] Accordingly, this version of section 508.283(c) is not facially unconstitutional in light of petitioner's arguments, as inmates have no protected liberty interest in their accumulated street time following parole revocation. Nor is the statute unconstitutional as applied to petitioner. Prior to September 1, 2001, petitioner had no protected liberty interest in his accumulated street time following revocation. His due process and Eighth Amendment rights were not violated by the loss of

---

[1] In an unpublished opinion, the Fifth Circuit Court of Appeals held that under the post-September 1, 2001 version of section 508.283(c) of the Texas Government Code, an inmate may have a protected liberty interest in street-time credits if the revocation occurred after September 1, 2001. *Whitley v. Dretke*, 111 Fed. Appx. 222 (5th Cir. 2004). This Court reads petitioner's factual statement as complaining of the "loss" of street time credit occurring between 1991 and 1993, to which the pre-September 1, 2001 statutory version would apply.

street time following his parole revocation prior to that date. Moreover, not receiving street time credit following revocation of parole is part of petitioner's original punishment under state law, and no *ex post facto* violation is shown. *See generally Cortinas v. United States Parole Commission*, 938 F.2d 43, 47 (5th Cir. 1991). Consequently, his guilty plea was not invalidated by an "illegal extension" of his sentence due to the loss of street time. Nor has his right against double jeopardy been violated by the loss of accumulated street time. *See Morrison v. Johnson*, 106 F.3d 127, 129 and n.1 (5th Cir. 1997).

The petition for habeas relief is **DENIED** and this case is **DISMISSED** with prejudice. Any pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 28 day of September, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE